## RABENSTEINER v. ÆTNA CASUALTY & SURETY CO. et al.

### No. 15019.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

John H. Hammel, Jr., and John Singreen, both of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellees.

McCALEB, Judge.

On October 23, 1932, at 7:30 p. m., the plaintiff was riding as a guest in an automobile owned and operated by John E. Mathews. The car was being driven on U. S. Highway No. 90 from Pearl River to Slidell, Louisiana, on the proper or right hand side of the paved road at a reasonable speed of not more than 35 miles per hour. While traveling in this manner, its right front and rear wheels suddenly left the paved portion of the highway and ran upon the mud shoulder of the road for a distance estimated at between 25 and 50 feet. The driver of the car finally succeeded in swerving the vehicle upon the paved part of the road where it proceeded forward, swaying from side to side for approximately 200 feet when it again swerved abruptly to the left and ran off the shoulder and roadbed, on the left side, into a ditch.

When the car landed in the ditch, the plaintiff was thrown out of it and, as a result, he received personal injuries. He has brought this suit against Mathews and the latter's insurance carrier to recover the damages he allegedly sustained as a consequence of the accident.

The defendants admit the happening of the accident but claim that they are not liable for plaintiff's injuries because Mathews is free from fault. The special defense, upon which defendants rely, is contained in the answer of Mathews, from which we quote as follows:

"That on or about the date aforesaid defendant was driving his Nash sedan automobile on U. S. Highway No. 90 between Pearl river and Slidell, Louisiana, and traveling in the direction of Slidell on the right hand side of the highway at a speed of approximately thirty-five miles per hour; that suddenly and without warning an automobile, operated by an unknown person and traveling in the same direction as defendant, struck defendant's car a violent blow on the rear, causing defendant's automobile to swerve off of the paved portion of the highway on to the right shoulder and the jolt causing defendant to unavoidably accelerate the speed of his automobile; that defendant did not lose complete control of his automobile in attempting to get back upon the paved portion of the highway but in doing so defendant's automobile swerved over on to the left hand portion of the paved highway; that at that time there was a concrete bridge with heavy concrete side railings twenty-five or fifty feet ahead and an automobile coming from the opposite direction at a rapid rate of speed; that defendant, fearing that a head-on collision with the oncoming automobile or with the concrete side railing of the bridge was imminent and would be disastrous, thought that serious consequences could be avoided by pulling off of the road to his left; that defendant was familiar with this stretch of the high-

way and knew that the incline from the shoulder was neither steep nor deep; that unfortunately at the particular place where it was necessary to go off the road there had been a deep erosion from water and the drop, instead of being a gentle one to the bottom of the ditch, was very abrupt."

After a hearing on the merits, the district judge exonerated the defendants from responsibility and dismissed plaintiff's suit. Hence this appeal.

There were only two eyewitnesses to the accident—the plaintiff and Mathews. Mathews, in support of the special defense presented, testified substantially in accordance with the allegations of his answer hereinabove quoted with one exception. In his answer, he states that the blow received on the rear of his car was of such force as to cause him to unavoidably accelerate the speed thereof, whereas he asserted on the witness stand that he purposely increased the speed of his car after it was knocked upon the shoulder of the road in an effort to prevent the same from turning over and in order to regain the paved highway.

Plaintiff's counsel has severely criticized the foregoing variance in Mathews' statement on the witness stand and the averments of his answer. They point out that this discrepancy is of such importance as to warrant us in rejecting his testimony. We do not think so. We have scrutinized his evidence with care and are convinced that he is sincere and trustworthy. The mistake, if any exists, is to be found in the answer and is merely an inconsequential error on the part of Mathews' counsel.

On the other hand, plaintiff's evidence throws but little light upon the occurrence. In fact, his testimony, for the most part, corroborates that of Mathews. He concedes that the latter was driving the car with prudence and at a reasonable rate of speed until the time it left the road. He was unwilling to admit that the vehicle was struck from the rear by another automobile and says that he does not know what caused it to run off the road. The defendants proved, however, that, shortly after the accident, he admitted that the car had been struck from the rear in statements made by him to two doctors (who treated him for his injuries) as well as to an agent of the defendant insurer. It is true that the plaintiff has testified that he · surmised that Mathews should have been able to stop the car on the shoulder and also that he could have averted the accident after he had regained the paved road. But his speculations and conclusions are unimpressive when weighed against the positive declaration of Mathews as to the conditions obtaining at the time, and also in view of the fact that he was admittedly unfamiliar with the operation of a motor car.

Counsel for plaintiff, nevertheless, contend that Mathews' statement of the occurrence exhibits that he was guilty of negligence. They proclaim that he was plainly at fault in the first instance when his car was knocked onto the mud shoulder of the road because he accelerated its speed instead of applying his brakes. We find no merit in this contention. The right wheels of the automobile were suddenly diverted from their course and were shunted onto a mud shoulder 2 feet wide. Mathews had every reason to believe that it would be disastrous for him to attempt to stop his vehicle going at 35 miles per hour on this soft portion of the highway and it is likely that, if he had tried to, the same would have overturned. He was confronted with a serious, sudden emergency and had no time to deliberate as to which was the best course to pursue. He felt that he could not remain upon the shoulder, at the speed at which he was traveling, without serious consequences. He therefore obeyed the natural impulse of an experienced motorist by increasing his speed and swerving to the left in order to regain the paved highway. We think that he adopted the least dangerous procedure in view of the attending circumstances.

Counsel also assert that Mathews was clearly negligent in turning his car into the ditch on the left hand side of the road after he had regained the paved highway. This point is likewise untenable. Mathews and the plaintiff both stated that, when the car was straightened out on the pavement, it was swerving (and, to use plaintiff's expression, "wobbling") from side to side. Mathews says that he did not have full control of the vehicle and that, while he was endeavoring to regain a complete dominion over it, he was confronted with the presence of an oncoming automobile and also by the concrete posts of a nearby bridge or culvert. In fear of, what seemed to him, an imminent collision with one or the other of these objects, he was com-

pelled to act instantly. The thought flashed through his mind that the best thing to do was to swerve his car off of the road into a ditch on the left side thereof which he believed was of a shallow depth. Unfortunately, the ditch was much deeper than he thought.

Who can avouch that this motorist acted unwisely under the circumstances presented? It is to be borne in mind that, when Mathews regained the pavement, he was unable to obtain full control of his car and that it was swerving from side to side. With affairs in this state, a second emergency was created (by the presence of the oncoming automobile and the culvert) which was directly attributable to the initial fault of the driver of the car which had struck him from the rear. When he saw the close proximity of the concrete posts of the culvert and the oncoming automobile in his path, it seemed certain to him that a collision was impending and that he had to take immediate steps to avoid it. He adopted what he considered to be the safest course to extricate himself from the difficulty. We cannot say that the action taken by him in this situation was imprudent.

Furthermore, if it be assumed that Mathews did not pursue the wisest course in the confronting emergency, he should, nevertheless, be exonerated from responsibility. It is well established that "an automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and one that would have been required in the exercise of ordinary care, but for the emergency." See American Jurisprudence, Vol. 5, Sec. 171, Page 600.

We are satisfied that Mathews has proved, by a vast preponderance of evidence, that he was blameless in the premises. We feel certain that he did everything possible to avert injury to his guest and himself. It would be unconscionable to hold him liable under the attending circumstances of this case as it is manifest that the predicament in which he was placed was initiated exclusively through the fault of a third person and that he did everything within his power, after the

emergency was thus created, to escape the calamity. He was not the insurer of plaintiff's safety. The law merely imposed upon him the duty of ordinary care and he has fulfilled that obligation.

The judgment appealed from is correct. It is therefore affirmed.

Affirmed.